**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER L. SANCHEZ,

       Plaintiff,

v.                                           No. CIV 06-397 BB/RHS

STATE OF NEW MEXICO CHILDREN,
YOUTH & FAMILIES DEPARTMENT
(CYFD), MARY-DALE BOLSON,
individually and in her official capacity as
Secretary of CYFD, and WILLIAM
GREGORICUS, individually and in his official
capacity as Director of Juvenile Justice
Services for CYFD,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       This matter comes before the Court pursuant to a motion to dismiss filed by Defendants (Doc. 6). Having considered the submissions of the parties and the applicable law, the Court will grant the motion in part and deny it in part.

       Following the termination of his employment with Defendant Children, Youth & Families Department ("CYFD"), Plaintiff filed this lawsuit raising federal constitutional and statutory claims, a claim under the New Mexico Human Rights Act, and a state-law tort claim for wrongful termination in violation of public policy. Defendants' motion seeks the dismissal of a number of these claims, either entirely or *vis a vis* certain Defendants. Specifically, Defendants argue as follows: (1) the complaint fails to state a claim for Title VII retaliation because there is no allegation that Plaintiff engaged in protected activity; (2) the individual Defendants, Bolson and Gregoricus, cannot be liable for a Title VII violation as a matter of law; (3) Plaintiff failed to exhaust his administrative remedies

under the Human Rights Act ("HRA") as to the individual Defendants; (4) CYFD and the individual Defendants in their official capacities cannot be sued for civil rights violations under § 42 U.S.C. 1983; (5) the complaint fails to state a § 1983 claim for retaliatory discharge; and (6) immunity has not been waived under the New Mexico Tort Claims Act ("TCA") for the tort of retaliatory discharge, and Plaintiff's state-law wrongful-discharge claim must therefore be dismissed as to all Defendants.

**Standard**:  In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).  The Court will consider Defendants' motion in light of this standard.

**Protected Title VII Activity:**  In their reply brief Defendants concede that the complaint does allege Plaintiff engaged in conduct protected by Title VII, §§ 42 U.S.C. 2000e *et seq.*  [Reply, p. 5, fn. 1]  The Court's review of the complaint indicates this concession is justified; in paragraphs 25-27, Plaintiff alleged that he "challenged" Defendants' policy of terminating Latinos while hiring and promoting Anglos; that he complained to the individual Defendants about sexual harassment and racially discriminatory comments; and that he "made it clear" to Defendants that he would not further endure the harassment and discrimination.  In paragraph 28, Plaintiff alleged that he was terminated

from his position even though he was performing "exceptionally" and was fully qualified for his position. These allegations are sufficient to state a claim for retaliation under Title VII.

**Individual Liability for Title VII violation:** Defendants' argument that an individual supervisor cannot be liable for a Title VII violation, as a matter of law, is correct. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Plaintiff's arguments to the contrary, attempting to equate these supervisors with "employers" for Title VII purposes, address a different issue and are inapposite. This Court is bound to follow the Tenth Circuit's direct precedent and dismiss the Title VII claims insofar as they are brought against the individual Defendants.

**Exhaustion of Administrative Remedies Against Individual Defendants:** Under the HRA, unlike Title VII, individual supervisors can be held liable for discriminatory or retaliatory actions, as long as the plaintiff has exhausted his administrative remedies with respect to the individual supervisors as well as the employer. *Luboyeski v. Hill*, 872 P.2d 353, 355 (N.M. 1994). Defendants maintain that Plaintiff's administrative claim filed with the New Mexico Human Rights Division ("Division") did not name the individual Defendants as respondents, or raise any claims against them individually. Therefore, argue Defendants, Plaintiff failed to exhaust his administrative remedies properly against the individual Defendants. *See, e.g., Mitchell-Carr v. McLendon*, 980 P.2d 65, 69 (N.M. 1999) (failure to name individual defendant as respondent in administrative charge meant plaintiff failed to exhaust administrative remedies with respect to that defendant).

The Court's ability to address this issue has been hampered by the fact that no party has supplied to the Court a copy of the charge or complaint that Plaintiff filed with the Division. However, even assuming Defendants are correct and the document filed with the Division does not adequately name the individual Defendants as respondents, that fact alone would not mandate dismissal of the claims against the individual Defendants. Plaintiff has filed a copy of a questionnaire

that he allegedly filed with the EEOC. [Attachment to 6/20/06 letter from counsel to Court] In this questionnaire, Plaintiff specifically named Defendants Bolson and Gregoricus as his supervisors, and accused both Defendants of acts of harassment, discrimination, and retaliation. The question, therefore, is whether this form is sufficient to establish that Plaintiff exhausted his administrative remedies, for purposes of the HRA, against the individual Defendants. For several reasons, the Court is unable to decide that issue at this time.

Under New Mexico law, the filing of a "charge" of discrimination with the EEOC is the equivalent, for HRA purposes, of filing that charge with the Division. *See Mitchell-Carr*, *supra*; *Sabella v. Manor Care, Inc.*, 915 P.2d 901, 903-04 (N.M. 1996). However, the document submitted by Plaintiff to the Court is not a charge of discrimination, but a questionnaire. It is not clear whether the questionnaire was ever submitted by the EEOC to the Division, as a charge would have been. It is also not clear whether the questionnaire was simply part of an actual charge of discrimination submitted to the EEOC, or can substitute for such a charge if no document denominated as a charge or complaint was ever filed with the EEOC.

In addition, even if the questionnaire can be considered the equivalent of a charge and was submitted to the Division, it is not clear whether the questionnaire adequately raises the issue of the possible liability of the individual Defendants as "respondents" to Plaintiff's administrative complaint. Resolution of this issue depends on whether the purposes of the administrative-exhaustion requirement were met during the administrative proceedings. Those purposes are two-fold: first, to give notice of the alleged violation to the charged party; and second, to give the Division an opportunity to conciliate the claim. *Cf. Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)(discussing purposes of exhaustion requirement in Title VII context). If the individual Defendants were

adequately put on notice that they were individually being accused of discrimination and retaliation, the purposes of the exhaustion requirement might have been met by the questionnaire. The contents of the questionnaire do seem to notify Bolson and Gregoricus that they were being accused of actions violating the HRA. However, without information indicating whether Bolson and Gregoricus were ever made aware of those contents during the administrative process, it is not possible to determine whether the purposes of the exhaustion requirement have actually been satisfied.

In sum, the information supplied to the Court at this time is insufficient to allow a ruling on Defendants' request for dismissal of the HRA claims against the individual Defendants. Resolution of the issue depends on what documents were before the Division as it acted on Plaintiff's administrative complaint, what documents Plaintiff filed with the EEOC, and what actual or constructive knowledge the individual Defendants had of the substance of Plaintiff's claims. The Court will therefore deny the request for dismissal at this time, with the proviso that Defendants may renew the motion, or file a motion for summary judgment on this issue, should further information reveal that Plaintiff did not in fact exhaust his administrative remedies against the individual Defendants.

**Proper Defendants for § 1983 Claim:** Defendants correctly argue that a state agency, and state employees named in their official capacities, are not "persons" for purposes of a § 1983 claim, and cannot be named as defendants with respect to such a claim. *See Will v. Michigan*, 491 U.S. 58, 66 (1989). The only proper Defendants in this case, for purposes of the federal civil-rights claims raised by Plaintiff, are the individual Defendants in their individual capacities. *See id.* Plaintiff's argument to the contrary, that CYFD and the individual Defendants in their official capacities are indispensable parties to his § 1983 claims, is not supported by any legal authority and is without merit.

**§ 1983 Claim for Retaliatory Discharge:** Defendants maintain that Plaintiff's retaliatory-discharge claim must be brought solely under Title VII, and cannot be the basis of a § 1983 claim. To the extent Plaintiff's claim is based on Defendants' alleged retaliation against him for his complaints of racial or gender-based discrimination against him personally, the Court agrees. Such retaliation claims are properly brought under Title VII, not § 1983. *See David v. City and County of Denver*, 101 F.3d 1344, 1355-57 (10th Cir. 1996) (complaints of sexual harassment and retaliation against the plaintiff personally were not matters of public concern and could not support a First Amendment retaliation claim); *Watkins v. Bowden*, 105 F.3d 1344, 1354-55 (11th Cir. 1997) (no equal-protection claim exists for retaliation following complaints of race-or-gender-based discrimination). However, to the extent Plaintiff's retaliation claim is based on alleged retaliation for his complaints that CYFD employees other than Plaintiff had been discriminated against, and for his proposed report critical of CYFD's handling of its juvenile inmates, the Court disagrees with Defendants. Such complaints of agency-wide discrimination, and criticisms of the manner in which an agency is performing its functions, are protected by the First Amendment, and a retaliatory discharge of an individual for engaging in such speech is therefore actionable under § 1983. *See David, supra* (speech that pertains to a public agency's discharge of its responsibilities will be considered speech protected by the First Amendment; similarly, speech concerning discrimination against employees other than the plaintiff will generally be protected); *Watkins, supra* (citing cases to same effect). Plaintiff's § 1983 claim for retaliatory discharge will therefore be dismissed in part, but retained to the extent it constitutes a valid First Amendment retaliation claim.

**State-Law Claim for Wrongful Discharge:** Plaintiff maintains he was discharged in violation of New Mexico public policy because the discharge was in retaliation for his efforts to reform the treatment of juvenile offenders and expose wrong-doing within CYFD. Defendants argue

this claim must be dismissed because it is a tort claim, and immunity for this tort has not been waived under the New Mexico Tort Claims Act ("TCA"), NMSA §§ 41-4-1 *et seq.* Plaintiff did not respond to this argument in his brief. It is possible Plaintiff intended to abandon his retaliatory-discharge tort claim; in his brief he stated his retaliatory-discharge claim is based primarily on the HRA, and Title VII, and § 1983. [Resp., p. 8]  The Court need not determine whether the claim was indeed abandoned, since Defendants' immunity argument is correct in any event. *See, e.g., Silva v. Town of Springer*, 912 P.2d 304, 311 (N.M. App. 1996) (tort claim for wrongful discharge in violation of public policy, among other claims, was barred because no TCA waiver of immunity existed for such tort). This state-law claim will be dismissed.

**Conclusion:** Based on the foregoing discussion, the motion to dismiss filed by Defendants will be granted in part, as follows:  (1) the Title VII claims will be dismissed as against the individual Defendants; (2) the § 1983 claims will be dismissed as against CYFD and the individual Defendants in their official capacities; (3) the § 1983 retaliatory-discharge claim will be dismissed insofar as it pertains to retaliation for Plaintiff's complaints concerning discrimination, harassment, or retaliation against himself personally; and (4) the state-law tort claim for wrongful discharge in violation of public policy will be dismissed entirely. Defendants' motion to dismiss will be denied in part, as follows:  (1) the Title VII retaliation claim will not be dismissed; (2) the HRA claim against the individual Defendants will not be dismissed at this time; and (3) the § 1983 claim for retaliatory discharge will not be dismissed to the extent it raises claims under the First Amendment.

## ORDER

A Memorandum Opinion having been filed on this date, it is hereby ORDERED that the motion to dismiss filed by Defendants (Doc. 6) be, and hereby is, GRANTED in part and DENIED in part.

Dated this 18th day of October, 2006.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
David M. Stevens
William Griffin

**For Defendants**
Randolph B. Felker